David **PRESTON**, Defendant Below, Appellant,

v.

The **STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

May 9, 1973.

David Preston, defendant below, appellant, pro se.

Harrison F. Turner, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

The defendant appeals, *pro se,* from his conviction of the robbery of a package liquor store. He has declined the services of the Public Defender.

Three of the four grounds of the appeal earn only summary disposition:

## I.

The defendant contends that the Superior Court erred in granting immunity to a co-defendant, who testified against the defendant, for the reason that the witness was never tried and he can be granted immunity from punishment only, not from guilt. The quick answer to this contention is that the Delaware Immunity Statute (11 Del.C. § 3508) provides for immunity from prosecution as well as punishment.* See also Jenkins v. State, Del.Supr., 305 A.2d 610 (1973).

## II.

The defendant contends that his constitutional rights were violated in the prosecution of this case because there was a "systematic exclusion" from both the grand and petit juries "of certain minority groups particularly members of the negro race and migrant laborers".

There is no evidence on the record before us in support of this ground. Only the bare allegation is before us. Accordingly, we have nothing to review upon this appeal.

An evidentiary hearing before the Superior Court, via a post-conviction proceeding under Superior Court Criminal Rule 35, Del.C.Ann., is the method of pursuing this contention if the defendant wishes to do so.

## III.

The defendant contends that he was obliged to go to trial without certain witnesses resident in Maryland, in violation of his constitutional rights.

---

* 11 Del.C. § 3508(a) provides in pertinent part:

"Such person, so ordered by the Court, shall comply with the Court order. After complying, such person *shall not be prosecuted or subjected to penalty or forfeiture* for or on account of any transaction, matter or thing concerning which, in accordance with the order, he gave answer or produced evidence; * * *." (Emphasis supplied)

The record indicates that the defendant was arraigned, with counsel, on July 7, 1972; trial was scheduled for September 12, 1972 but was postponed to September 18 upon application of the State to permit the attendance of witnesses. Prior to the commencement of the trial on the 18th, defense counsel requested a postponement and the following colloquy appears:

"MR. BARRETT: * * * We are having difficulty getting two out-of-state witnesses who are critical for the defense here for today's trial.

"They missed their bus for emergency reasons at 11:00 o'clock last night, which was the only one that could have gotten them here prior to the time to begin, and at a time when they could have conferred with Mr. Preston's counsel so as to be better prepared for trial.

"They are on their way up here. The next bus was 10:00 this morning and will not arrive until 12:00 or 12:30.

"Except for telephone conversations I have had with these witnesses before, the defendant has been denied the right to have his counsel adequately confer with witnesses prior to the testimony.

"It is on that basis that I requested the Court to consider possible rescheduling, and I would just like it to be a part of the record that that request was denied on the understanding as I told the Court, that it was my understanding that the parties could be here around noon or 12:30.

"MR. STEELE: I would like to point out for the record, Your Honor, that this case had been scheduled for last week and that there were several days elapsed from the previous scheduling until today.

"The State is opposed to a continuance because there was, in fact, some time for counsel to consult with any witnesses brought to his attention by the defendant. The defendant waited until yesterday to bring any witnesses' names and addresses and telephone numbers to the attention of the defense counsel, and then the fault lies within the defendant and not with the Court or the State. So the State would ask the first motion for a continuance be denied.

"THE COURT: * * *. As to the first motion, I am not going to reschedule the case on a daily basis, that is from today to another day, but we are running an hour behind the time I really originally thought the case would start, and we have got to eat lunch at some time. I had hoped to swear the jury and get the opening statements in prior to lunch.

"Would it be of assistance to the defense to delay that until after lunch, which will give you time to talk to the two witnesses? If it would be that type of delay, the Court is willing to consider it.

"MR. BARRETT: Your Honor, I actually think it would be of more assistance to the defense if the opening statements were held now and perhaps we took an extra 15 or 20 minutes on the luncheon recess after that. It is my understanding that they are due in about 12:30. So that the first few minutes, if we were to recess now, would be wasted, and they are going to have to get a cab from the bus terminal to my office.

"THE COURT: If you can't get it to another day, you do not want it?

"MR. BARRETT: That is correct.

"THE COURT: All right. Then in that posture, the first motion is denied as well. We will proceed to bring in the jury and swear them and have opening statements of counsel."

It appears that of the two witnesses referred to in the above colloquy, one appeared in time to testify on behalf of the defendant but the other witness refused to lose time from work in Baltimore in order to attend.

Under the totality of the circumstances, we cannot say that the Trial Judge abused his discretion in ruling as he did upon the request for postponement; nor are we convinced that the defendant was prejudiced thereby. There is nothing before us to show that the absent witness would have attended on another day. The defendant and defense counsel had over two months within which to marshal their evidence.

## IV.

The final ground of appeal presents more difficulty.

The defendant, a black man, states that there was only one black person on the entire jury panel from which his jury was drawn. He contends that his counsel wrongfully refused his urgent requests (not of record) that counsel question each prospective juror directly, on *voir dire*, to test for racial bias and prejudice and for "objective comprehension"; that by such refusal the defendant was denied the effective assistance of counsel in violation of his Sixth Amendment rights. The Trial Judge did not, *sua sponte*, question the jurors regarding racial, bias and prejudice.

This Court has spoken recently upon three facets of this problem:

(A) In Parson v. State, Del.Supr., 275 A.2d 777, 783–784 (1971), we stated:

"In concluding this facet of the case, in which it took nine and one-half days to draw the jury, we state our concern regarding the recent practice of permitting *voir dire* examination of prospective jurors directly by counsel rather than by the trial court, as heretofore. We think the present trend toward a more prolix *voir dire* examination of prospective jurors by counsel must be brought under control in this State before it grows into the disgraceful practice we have seen elsewhere, often taking more trial days to select the jury than it does to try the case. Too often we see the *voir dire* process being misused to argue the case, to indoctrinate the jury, and to seek other undue advantage.

"We caution against *voir dire* examination of jurors at inordinate length and on questionable and irrelevant matters. We do so without casting any reflection upon counsel in the instant case. The recent tendency to indulge in *voir dire* examination of a prolixity heretofore unknown in this State, with its trial delays and its adverse effect upon already heavily-burdened trial courts, requires that restrictive guidelines should be imposed forthwith for tighter control of the jury-drawing process.

"The matter is governed in this State by Superior Court Criminal Rule 24(a) which is the same as Federal Criminal Procedure Rule 24(a) from which our rule was taken. We are of the opinion that as a general rule, in the exercise of the discretion vested in him by Rule 24(a), the trial judge should reserve to himself the function of interrogating prospective jurors upon *voir dire* examination as heretofore; provided, however, that reasonable opportunity be accorded to counsel to submit to the trial judge requested questions to be asked the prospective jurors, to be accepted or rejected by the judge in the exercise of a sound judicial discretion. By so doing, abuse of the process will be avoided, time and money will be saved, the burden on the trial courts will be somewhat relieved, and the true purpose of the *voir dire* examination will not be subverted. * * *."

(B) In Matthews v. State, Del.Supr., 276 A.2d 265 (1971), wherein as here, the defendant was a black man and the prosecuting witness was a white man, we held that the Trial Court's refusal to put to prospective jurors requested questions to test for racial bias and prejudice was an abuse of discretion and reversible error.

(C) In Harris v. State, Del.Supr., 293 A.2d 291, 293 (1972), we held that the issue of the effectiveness and competency of

defense counsel may not be raised for the first time on direct appeal from a conviction, stating:

> "The issue of competency and effectiveness of trial counsel has not been heretofore raised in this case. There has been no evidentiary hearing on the matter; factual issues are involved; and counsel must have the opportunity to be heard and to defend himself against the charge. For these reasons, we decline to consider the question of ineffective trial counsel raised for the first time on this direct appeal.

> "The defendant may pursue the charge of ineffective trial counsel in a post-conviction proceeding in the Superior Court; there an evidentiary hearing may be had and specific findings as to each charge of incompetency may be made, subject to further review by this Court. * * *."

See also Harris v. State, Del.Supr., 305 A. 2d 318 (1973).

 From the foregoing concepts, several conclusions become self-evident in the instant case: (1) The defendant did not have the right to have prospective jurors examined by counsel directly. (2) The defendant did have the right to have appropriate questions submitted by counsel to the Trial Judge for presentation by the latter to the prospective jurors. (3) Questions as to racial bias and prejudice would have been appropriate in this case. (4) If submitted by counsel to the Trial Judge, it would have been reversible error for the Trial Judge to have refused to present to the jurors requested questions as to racial bias and prejudice.

■ But, as in *Harris,* the defendant raises the issue of ineffective defense counsel for the first time on this appeal. As in *Harris,* there has been no evidentiary hearing on the issue; factual issues are involved; and counsel must have the opportunity to be heard and to defend himself against the charge. As indicated in *Harris,* if the defendant wishes to pursue the charge of ineffective trial counsel, he may do so in a Rule 35 post-conviction proceeding in the Superior Court where an evidentiary hearing may be had, the attorney charged may have an opportunity to defend himself, and specific findings as to the charge may be made, subject to further review by this Court.

Accordingly, we decline to rule upon the constitutional issue of incompetency of counsel on this appeal.

Affirmed.