**Marsella Jerome BOWERS, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware, Kent County.

Submitted Sept. 25, 1978.

Decided Nov. 15, 1978.

Dennis A. Reardon, Asst. Public Defender, Dover, for defendant below, appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant was convicted by a Superior Court jury of assault in the second degree, possession of a destructive weapon, and possession of a deadly weapon during the commission of a felony. Upon appeal, this Court affirmed defendant's convictions. Subsequently, defendant moved in Superior Court for a reduction of sentence which was

granted and an arrest of judgment which was denied. Defendant then moved for post conviction relief pursuant to Superior Court Criminal Rule 35(a) * on the ground that, due to his trial attorney's incompetence, he was deprived of his Sixth Amendment right to effective assistance of counsel. Following an evidentiary hearing, the Superior Court denied his motion and defendant brought this appeal upon the same ground.

The State has moved to affirm the judgment below pursuant to this Court's Rule 25(a) on the ground that the issue on appeal is one of judicial discretion and clearly there was no abuse of discretion. We affirm, but, *sua sponte*, on the ground that the issue on appeal is factual and clearly there is sufficient evidence to support the findings of the Trial Judge below.

■ Upon a Rule 35(a) hearing, the test for postconviction relief due to the incompetence of trial counsel is "whether under all the circumstances . . . trial counsel was so incompetent that the accused was not afforded genuine and effective legal representation." *Harris v. State*, Del.Supr., 293 A.2d 291, 293 (1972). The corollary test for review by this Court following a Superior Court hearing and denial of a Rule 35(a) motion is whether a sufficient evidentiary basis exists in the record in support of the Trial Court's determination. In the present case, the record supports the Trial Judge's finding that defendant failed to establish that, due to his trial attorney's incompetence, he was denied his Sixth Amendment right to effective assistance of counsel. We will not disturb the finding of the Trial Judge, supported as it is by sufficient evidence. *Harris v. State*, Del.Supr., 305 A.2d 318, 319 (1973).

\* \* \* \* \* \*

AFFIRMED.

---

\* "(a) Postconviction Remedy. Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; (ii) that the Court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. An application may be filed at any time, provided, however, that postconviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction. Unless the motion and the files and records of the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the Court finds the applicant is entitled to relief, the Court may set aside the judgment, release the applicant from custody, resentence the applicant, grant the applicant a new trial, or otherwise correct the judgment of conviction as may appear appropriate. The Court need not entertain a second motion or successive motions for similar relief on behalf of the same applicant."