Ozie Lee HALL, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 10, 1979.

Decided Oct. 25, 1979.

John M. Amalfitano, Wilmington, for defendant below, appellant.

James A. Natalie, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

This is a consolidation of two appeals from the Superior Court. Ozie Lee Hall, Jr., the defendant, appeals his convictions of Robbery First Degree, Conspiracy Second Degree, and Assault Second Degree on the ground that the Trial Judge made an improper remark in the presence of the jury which prejudiced his right to a fair trial.

Defendant, pro se, filed a motion under Rule 35(a) for a new trial alleging that his constitutional right to subpoena witnesses for his defense had been denied. He appeals the denial of that motion arguing that he had a right to counsel at the hearing on his motion; that he did not waive that right, and that counsel was not appointed despite his timely request. We affirm.

■ Upon review of the record, we find defendant's first appeal to be without merit. The Trial Court, after declaring a recess, but in the presence of the jurors, directed the defendant to make sure they arrived on time after lunch recess, so that the proceeding would not be delayed. No evidence of jury prejudice appears in the record, and because the trial had been delayed several times due to tardiness of the defendant, the remark was clearly not improper. No error was committed.

The defendant's appeal from the denial of post conviction relief is also without merit.

■ The Constitution of the United States requires that the court appoint counsel for indigents at the first level of direct appeal from a criminal conviction. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In fact, the defendant had counsel appointed for his direct appeal to this Court.* The defendant asserts that the right to court appointed counsel exists in a collateral appeal as well. See *People v. Shipman,* 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993 (1965). Without deciding whether the defendant has a right to counsel in a collateral attack on his criminal conviction, we hold that, considering the totality of the circumstances, the defendant waived any right to counsel.

■ Waiver of a constitutional right must be a knowing, intelligent and voluntary waiver, e. g., *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The record shows that defendant was aware of the consequences of proceeding without coun-

sel, but decided to proceed rather than wait for a hearing with appointed counsel and possibly another Judge who would require time to acquaint himself with the record. The extent of the delay was unknown, because the Trial Judge's term on the bench was to expire within three days and his reappointment had not yet been confirmed. The defendant expressed his desire for immediate adjudication of his motion and voluntarily chose to proceed without counsel. We believe the defendant adequately developed those facts he desired to bring to the Court's attention.

■ The defendant asserts that he was denied the right to subpoena witnesses for his defense by failure of his trial counsel to subpoena witnesses who were to voluntarily appear at trial. His argument is properly characterized as claiming ineffective assistance of counsel. This assertion is without merit. The undisputed facts in the record show that the witnesses in question were not subpoenaed, because Mr. Hall either refused to disclose their names to counsel or he did not supply counsel with current addresses. Some witnesses were in Pennsylvania and were beyond the subpoena power of the Courts. Counsel offered to travel to Pennsylvania to interview these witnesses, but Mr. Hall refused to have counsel do so. The defendant was not incarcerated prior to trial, but made no effort on his own to obtain the current address of any witness; although it appears that he could have done so had he tried. In addition, Mr. Hall repeatedly assured counsel that these witnesses would appear at trial without subpoenaes.

"Upon a Rule 35(a) hearing, the test for postconviction relief due to the incompetence of trial counsel is 'whether under all the circumstances . . . trial counsel was so incompetent that the accused was not afforded genuine and effective legal representation.' *Harris v. State,* Del.Supr., 293 A.2d 291, 293 (1972). The corollary test for review by this Court following a Superior Court hearing

---

* Not only did Mr. Hall have an attorney appointed for his direct appeal, but that attorney represented Mr. Hall in his appeal from the denial of his motion for post conviction relief as well.

and denial of a Rule 35(a) motion is whether a sufficient evidentiary basis exists in the record in support of the Trial Court's determination." *Bowers v. State*, Del.Supr., 396 A.2d 962, 963 (1978).

Consequently, we hold that the defendant was not denied effective assistance of counsel, and that any failure to subpoena witnesses was a result of his own neglect and his refusal to assist his own attorney.

AFFIRMED.