George HILLIARD *v*. STATE of Arkansas

CR 75-150                                                          531 S.W. 2d 463

Opinion delivered January 12, 1976

*Skillman, Dawtt & Davis,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. The appellant, George Hilliard, was charged with the crimes of grand larceny, forgery and uttering. These charges arose as a result of appellant purportedly taking, endorsing and negotiating the Arkansas Social Services check of Patsy Hill. On trial, appellant was found guilty of the offenses charged and from that conviction comes this appeal.

Appellant first assigns as error the allowance by the trial court of the prosecuting attorney's interrogation relating to prior felony and misdemeanor charges and convictions of the appellant. The record discloses that at trial the prosecuting attorney asked a number of questions dealing with appellant's past criminal activity. Appellant contends that evidence of other offenses cannot be introduced absent any "permissible relevancy" to the crime at issue when their introduction could only be for the purpose of persuading a jury that the commission of a similar offense indicates likely guilt of the crime charged. When the accused elects to take the stand in his own behalf, as here, his credibility becomes an element to be tested by proper questioning on cross-examination. *Edens v. State,* 235 Ark. 178, 359 S.W. 2d 432 (1962), cert. denied, 371 U.S. 968 (1965). The record reflects the prosecutor's queries were for the purpose of attacking appellant's credibility which is permissible, *Williams v. State,* 257 Ark. 8, 513 S.W. 2d 793 (1974), and thus considered present no basis for reversal on this appeal.

Appellant's second assignment of error is his contention that his conviction was based solely on the testimony of an accomplice, Theresa Whittier, contrary to Arkansas law; and

that the court erred in failing to give an instruction regarding this testimony. Theresa Whittier was in the company of appellant and George Allen on the day the check was stolen. Ms. Whittier admitted she forged the signature of Patsy Hill on the check and subsequently negotiated the instrument at a West Memphis supermarket, but she testified that appellant forced her to do this, while Hilliard testified he had no part in the crime. An eyewitness to the theft, Michael Minnis, was visiting his mother, Louelle Minnis in West Memphis on the day the theft took place. Louella Minnis is a next door neighbor of Patsy Hill. Minnis testified that on the day in question he saw the appellant take the welfare check from Patsy Hill's mailbox and begin to run with it. The witness was able to identify the appellant in court as the person he saw commit the theft.

Appellant's own testimony is that he stopped the car and got out in the vicinity of the offense allegedly to see an "old man" who mysteriously disappeared and appellant did not see him. However, the jury may not have believed this explanation since his proximity to the residence from which the check was stolen accorded with the time at which the theft occurred. Coupled with this was the fact that Hilliard admittedly received money from Theresa Whittier shortly after the time the theft and negotiation took place. Other testimony from James Presley, the arresting officer, and Louelle Minnis, the next door neighbor of Patsy Hill, serves to show the involvement of the appellant in the expropriation of the check. Thus we find there was available a plethora of evidence apart from the testimony of Ms. Whittier upon which the jury could predicate a finding of guilt. *Pitts v. State*, 247 Ark. 434, 446 S.W. 2d 222 (1969), *King v. State*, 254 Ark. 509, 494 S.W. 2d 476 (1973).

Since no instruction was requested it was not error for the court to fail to give an instruction on the testimony of an accomplice pursuant to Ark. Stat. Ann. § 43-2116 (Repl. 1964) which prohibits a conviction based on the statement of an accomplice uncorroborated by other evidence which tends to connect the defendant with the offense.

In dealing with this point the court in *Morris v. State*, 197

Ark. 778, 126 S.W. 2d 93 (1939), said:

> Appellant did not request an instruction under this statute, but he contented himself with requesting an instructed verdict on the whole case. If appellant had desired an instruction under the statute it was his duty to have made such a request and as he failed to do so it is now too late to complain on the appeal of his case. *Slinkard* v. *State*, 193 Ark. 765, 103 S.W. 2d 50.

Appellant's concluding assignment of error is that inadequate representation was afforded him by his retained counsel in the trial. However, this issue was not raised in the trial court and we will not consider it here since the trial court has not had an opportunity to pass upon the appellant's contention.

No motion for new trial was filed and the trial court is in a better position to assess the quality of legal representation through a motion for a new trial or a motion for post conviction relief than we are on appellate review. Under either method the circuit court then has the opportunity to consider many facets of the cause that by necessity are denied us on appeal. An evidentiary hearing of this caliber would better equip us on review to examine in detail the sufficiency of the representation below. To this effect see *Preston* v. *State of Delaware*, 306 A. 2d 712 (1973), and *Cross* v. *U.S.*, 392 F. 2d 360 (8th Cir. 1968). If the accused did not have adequate opportunity to raise the question in the trial court before appeal, he can raise the question by motion for post conviction relief. *Leasure* v. *State*, 254 Ark. 961, 497 S.W. 2d 1 (1973), and *Franklin* v. *State*, 251 Ark. 223, 471 S.W. 2d 760 (1971).

Finding no reversible error, this cause is affirmed.