Willie Steve HARRIS, Sammy Davis HARRIS,
and Sampson HARRIS *v.* STATE of Arkansas

CR 80-17                                  597 S.W. 2d 75

Supreme Court of Arkansas
Opinion delivered April 21, 1980

*John W. Walker,* by: *David E. Parker* and *John W. Walker,*
for appellants.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst.
Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Count 1 of the information
charged three brothers, Willie Steve Harris, 22, Sammy
Davis Harris, 20, and Sampson Harris, 18, with having raped
Lori McCleary, 15, on September 2, 1978. Count 2 charged
Willie Steve Harris and Sampson Harris with having also
raped Teresa Ann Burns, 16, on that date. The jury found the
defendants guilty of all the charges and imposed a 10-year
sentence for each of the five offenses. Two points for reversal
are argued, but they are without merit.

On the evening in question the five young people,
together with Darlene Straw, 15, drove to the Harrises'
mother's house in Sweet Home, where they danced for a
while. All three girls testified that Sampson threatened to
shoot them if they did not "give up something," which was
understood to be a reference to sexual intercourse. Darlene
submitted voluntarily, but the State's proof was that the
other two girls were raped, as charged in the information.

It is first argued that the defendants' trial attorney was ineffective in failing to seek separate counsel for each defendant and that the trial judge should have raised that issue on his own motion. Ineffectiveness of counsel cannot be asserted for the first time on direct appeal, for the reasons explained in *Hilliard* v. *State,* 259 Ark. 81, 531 S.W. 2d 463 (1976). There is no invariable constitutional prohibition against an attorney's joint representation of codefendants. To the contrary, it may be to their advantage: "A common defense often gives strength against a common attack." *Holloway* v. *Arkansas,* 435 U.S. 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978). In the other case cited on this point, the court merely held that a trial judge, in appointing counsel for codefendants, should consider the possibility of a conflict of interest among the defendants. *United States* v. *Williams,* 429 F.2d 158 (8th Cir. 1970). In the case at bar there was apparently no appointment of counsel. No conflict whatever is suggested by the testimony, because all three of the brothers testified that they did not have intercourse with any of the girls. That Sampson alone may have threatened to shoot the girls does not in itself indicate a conflict of interest.

It is also argued that the evidence is insufficient to support the verdicts, because certain details about the rapes were not stated, there were minor inconsistencies in the proof, and other witnesses might have been called by the defense. Such arguments might properly have been made to the jury, but there is an abundance of substantial evidence to support the convictions, which concludes our inquiry.

Affirmed.

Mays, J., not participating.