Greg HENDRIX *v.* STATE of Arkansas

CA CR 92-22                                    842 S.W.2d 443

Court of Appeals
En Banc
Opinion delivered November 25, 1992

54

*S. Reid Harrod, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Greg Hendrix appeals from his conviction of delivery of a controlled substance (cocaine), for which he was sentenced to a term of ten years in the Arkansas Department of Correction and fined $10,000.00. We find sufficient merit in two points raised to warrant reversal for a new trial.

Officer Ed Gilbert testified that in September 1990, while working undercover, he purchased a substance from appellant for $100.00. It was not denied that the substance was cocaine. Appellant testified in his own behalf, denying that he was the person from whom the officer made the purchase.

On direct examination, appellant was asked by his attorney if he had ever used drugs. Appellant responded that over two years ago he had tried cocaine on one or two occasions but had not used it at any time after that. He denied either using or dealing in drugs, asserting that he had tried to keep other people from becoming involved with drugs because "it's burning our commu-

nity down" and because people who use or deal in drugs "los[e] everything."

After appellant testified, the State announced in chambers that it intended to call Officer Ricky Newton to testify that, approximately four months before appellant's arrest on the charge for which he was being tried, Newton had found appellant in possession of cocaine, arrested him, and obtained an Arkansas State Crime Laboratory report that would corroborate the officer's opinion that the substance was cocaine. Appellant made a continuing objection to evidence of the incident on grounds that it was not proper impeachment evidence, that introduction of the laboratory report denied him the right of confrontation, and that the officer lacked the required qualifications to state an opinion as to the classification of the substance taken from appellant on that occasion. Appellant makes these same arguments on appeal.

We first address the issue of impeachment. On direct examination, appellant not only denied participating in the crime for which he was being tried, but also made the sweeping assertion that he had not used or dealt in narcotics and had used his best efforts to prevent others from doing so. When he made these assertions on direct examination, he opened the door for impeachment by contradiction and the State was entitled to introduce competent evidence that he had been untruthful and attempted to mislead the jury by his direct examination. *Garst* v. *Cullum*, 291 Ark. 512, 726 S.W.2d 271 (1987); *Hill* v. *State*, 33 Ark. App. 135, 803 S.W.2d 935 (1991); *see McFadden* v. *State*, 290 Ark. 177, 717 S.W.2d 812 (1986). Since the Arkansas Rules of Evidence do not provide a rule for impeachment by contradiction, we must look to the common law. While a witness cannot be impeached by extrinsic evidence on collateral matters brought out on cross-examination, the limitation does not apply to answers given on direct examination. It is now established that when a witness testifies on direct examination that he has not committed collateral acts of misconduct, that testimony may be contradicted by extrinsic evidence. *Garst* v. *Cullum, supra*; *Hill* v. *State, supra*. Under this rule, it would not be error for the court to allow competent evidence to establish that appellant's assertion that he had not used or dealt in drugs and had used his best efforts to prevent others from using them was untrue.

We agree with appellant, however, that on the facts of this case the actual evidence introduced was not admissible. Officer Newton testified that he stopped appellant in May 1990 for a traffic violation and found him in possession of a plastic bag containing a substance that the officer sent to the State Crime Laboratory for analysis. Over appellant's objection, the officer was permitted to state that in his opinion the substance in the bag was cocaine. Also over appellant's objection, the State was allowed to introduce into evidence a copy of the crime laboratory report purported to have been made of that substance. We agree with appellant that it was prejudicial error to allow the crime laboratory report into evidence over his objection that it denied him the right to confront and cross-examine his accusers.

Arkansas Code Annotated § 12-12-313(d) (Supp. 1991) states as follows:

(d)(1) All records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence as to the facts in any court or other proceeding when duly attested to by the employee who performed the analysis.

(2) The defendant shall give at least ten (10) days notice prior to the proceedings that he requests the presence of the employee of the State Crime Laboratory who performed the analysis for the purposes of cross-examination.

(3) Nothing in this subsection shall be construed to abrogate the defendant's right to cross-examination.

The purpose of this statute is to remove these reports from exclusion under the hearsay rule and make them admissible when certain requirements designed to establish their trustworthiness have been met. *Nard* v. *State*, 304 Ark. 159, 801 S.W.2d 634 (1990). However, we cannot agree that the statute, when applied to the facts of this case, also dispensed with appellant's right to assert his rights of cross-examination and confrontation. These rights are designed to protect the accused against adverse testimony from whatever source it might come and guarantee the right to see a witness face-to-face. The primary purpose of this guarantee is to preserve the right of cross-examination. It also is

designed to require the personal appearance of the witness to enable the factfinder to observe his deportment and to have the advantage of subjective moral effect on the witness produced by his presence before the court in which the accused is on trial. *See Hoover* v. *State*, 262 Ark. 856, 562 S.W.2d 55 (1978).

The State argues that appellant's failure to demand the presence of the crime laboratory analyst prior to trial constitutes a waiver of his right to demand that presence. We agree that even constitutional rights must be asserted in the manner specified by reasonable procedural requirements. *See Parham* v. *State*, 262 Ark. 241, 555 S.W.2d 943 (1977). However, the State's reliance on *Johnson* v. *State*, 303 Ark. 12, 792 S.W.2d 863 (1990), is misplaced. In *Johnson*, the appellant had knowledge that the crime laboratory report would be used at trial for more than ten days prior to the date of trial, and under those circumstances it was held that his failure to assert his right of confrontation in the time provided by statute constituted a waiver of that right.

The rule in *Johnson* necessarily contemplates that the accused knew or should have known of the State's intent to use the document prior to trial. In the event of such knowledge, he must follow the procedure set out in the statute. The statute, however, contains no procedure for the assertion of these rights when the existence and intended use of such a report first becomes known to the accused after the trial has commenced. Here, the State admits that it had no intention of using evidence of the stop made by Officer Newton until after appellant had testified. Nor was it disputed that appellant did not know of that intent until the third day of the trial. While the procedural rule requiring pretrial notice of demand for the right of cross-examination of a laboratory employee is generally a reasonable one, there can be no reasonable basis for enforcing such a rule where it is not possible for the accused to comply.

Nor do we find merit in the State's argument that, because appellant could have asked for a continuance to enable him to obtain the presence of the witness, his failure to do so constituted a waiver of the right to demand that presence. Because the statute does not contain a reasonable procedure for asserting the right of confrontation when that right arises after

58

the trial has begun, the assertion of that right when it does arise is all that is required of the accused and casts upon the State the burden of either producing the witness for cross-examination or requesting a continuance in order to produce him. In other words, in the absence of an applicable statute or rule, the burden of producing a prosecution witness for cross-examination does not rest upon the accused, but rather upon the State.

Appellant also argues that the trial court erred in allowing Officer Newton to state his opinion that the substance discovered in the earlier incident was cocaine. We agree.

When Officer Newton was called to testify he was asked to state his name, occupation, and if he had ever seen appellant before. He stated his name as "Trooper R.L. Newton." He was asked if he had ever seen appellant before and he stated that he had seen him on Tuesday the 15th of May, 1990, when he observed appellant operating a vehicle with an expired registration and stopped him. He was asked, "Did you recover a controlled substance in that vehicle or in the region near the vehicle?" Over appellant's continuing objection that there had not been a proper foundation laid, the officer was permitted to state his opinion that the substance was cocaine.

Rule 702 of the Arkansas Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier-or-fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

It is well settled that the determination of whether a witness possesses these qualifications sufficiently to qualify as an expert in the matter is within the sound discretion of the trial court, whose ruling this court will not disturb unless that discretion is abused. *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984).

We cannot conclude that the trial court exercised any discretion at all. No attempt was made to qualify this officer as having more experience with or understanding of controlled substances than that of the average juror. He simply stated that he was a police officer, without reference to the length of time he

had served as such or to any training or experience he may have had relative to controlled substances. Without a proper foundation, it was error to overrule appellant's objection.

It was argued in our conference that the objection to the officer's statement of opinion was not properly preserved for appeal and that his statement rendered the admission of the crime laboratory analyst's report harmless. While we do not agree that the point was not preserved, we conclude that even if it was not, the testimony did not render admission of the report harmless.

■ An accused's right of confrontation is guaranteed by both the state and federal constitutions. Although there are some federal constitutional errors that are harmless and do not require reversal, the rule for such a doctrine is necessarily a federal one. *Vann v. State*, 309 Ark. 303, 829 S.W.2d 415 (1992). In such cases, the test is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18 (1967); *Fahy v. Connecticut*, 375 U.S. 85 (1963); *Vann, v. State, supra.*

■ Here, the basis for the officer's opinion was not disclosed to the jury. As the extent of his knowledge, training, or experience regarding drugs was not made known, his testimony may have been given less weight by the jury than the positive assertion in the report of one who was purported to be a trained chemist. We must conclude, therefore, that there is a reasonable possibility that the admission of the chemist's report contributed to the conviction, and we cannot declare that its admission was harmless beyond a reasonable doubt.

Reversed and remanded.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I dissent from the reversal of this criminal conviction because the point on which the majority's decision turns has not been preserved for appeal. To preserve an error, the record must show that an appropriate objection was made in the trial court. *Beebe v. State*, 301 Ark. 430, 784 S.W.2d 765 (1990). An "appropriate" objection is one which is sufficiently clear, specific, and timely to give the trial

judge a fair opportunity to understand and consider the argument, and to correct the asserted error. *Lopez* v. *State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989). In the case at bar, the appellant objected prior to the police officer's testimony and argued, in essence, that a police officer with only two years experience could not under any circumstances be qualified to state an opinion concerning whether a substance was or was not cocaine. This objection was overruled by the trial court, and properly so, because there had been no voir dire of the witness to establish his qualifications, or lack of them, at the time this objection was raised. Subsequently, during direct examination, the appellant made a general objection to lack of foundation, but he did not specify whether the objection was directed at the basis of the officer's knowledge of the events, or rather at the officer's qualifications to state an opinion concerning the nature of the substance or whether it was based on some other theory. In any event, the appellant did not ask to voir dire the witness, and the basis for his foundation objection is unclear. I submit that the appellant's objection was not sufficiently specific to apprise the trial court of the error complained of, and that the argument on appeal was therefore waived. *See Irwin* v. *State*, 28 Ark. App. 6, 771 S.W.2d 26 (1989).

Furthermore, the appellant's abstract shows that no ruling was obtained on his objection to the officer's qualifications to give opinion testimony:

A. I recovered a controlled substance in the region near the vehicle. I did not retrieve the object that Mr. Hendrix threw. I did retrieve one package which contained one rock.

Q. What did you retrieve?

A. One (1) package which contained one (1) rock of—

MR. COVIN: Your Honor, I'm going to further object. There's been no indication what so ever that a search warrant was obtained and —

THE COURT: No matter, that doesn't make any difference. What did you retrieve, Mr., ah, Officer Newton?

*MR. NEWTON*: Your Honor, I retrieved one (1) plastic package on the—

*Mr. COVIN*: May we ask where it came from before he—

*THE COURT*: You'll get a chance.

*MR. NEWTON*: On the west side of the vehicle, which contained 0.827 grams of cocaine base—

*MR. COLVIN*: Object to the—

*THE COURT*: I understand your objection.

*MR. COLVIN*: But, Your Honor, I object to the classification and, and, and, ah, characterization of this object that he's found as being cocaine.

*THE COURT*: Do you have what you found?

MR. NEWTON: Yes, sir. I've got the evidence and the results from the State Crime Lab with proof of certification—

*MR. COLVIN*: I don't, Your Honor, I object to reference to the—

*THE COURT*: You have the—

MR. NEWTON: Yes, sir.

THE COURT: Do you have the stuff there?

MR. NEWTON: Yes, sir.

*THE COURT*: All right. What's it look like?

*MR. NEWTON*: Based on my experience as a law enforcement officer, it'd be my opinion that it is rock cocaine.

*THE COURT*: All right. Is it in little crystals?

*MR. NEWTON*: Yes sir. It is. (Tr. 186)

*THE COURT*: Now, do you want to in—

*MS. SAWYER*: Your Honor, I'd like him to open it and identify it.

*MR. COLVIN*: I object to any further questioning concerning this, Your Honor, as lack of due process in obtaining this object out of the car.

*THE COURT*: I understand

It is the appellant's obligation to obtain a ruling on his objection in order to preserve the point for appeal. *Beebe* v. *State, supra.* As the abstract shows, the appellant failed to obtain the trial court's ruling with respect to the officer's basis for his opinion, and the officer was permitted to testify not only that the substance, in his opinion, was cocaine, but he also made reference to the results of the State Crime Lab report in his testimony. Although the appellant stated his objection to this reference, no ruling was obtained. I submit that, having allowed testimony regarding the results of the report to be placed before the jury in this manner, any error in the subsequent introduction of the report was rendered harmless.

Even had the appellant made a proper objection and obtained a ruling thereon, I would dissent from the majority's decision because the appellant clearly opened the door to the evidence by testifying that he had not used or dealt in drugs for two years, and that he had tried to keep other people from becoming involved in drugs. As the majority concedes, this testimony was subject to impeachment by extrinsic evidence. What should be emphasized, however, is that the extrinsic evidence of collateral acts of misconduct in the form of Officer Newton's testimony concerning the cocaine he found during the May 1990 traffic stop of the appellant was not admissible until after the appellant made his sweeping assertion of drug-prevention efforts on direct examination. Whether or not this evidence would be admissible depended entirely on the actions of the

appellant. Under these circumstances, the burden of moving for a continuance to obtain the presence of the laboratory technician should likewise have been on the appellant.

I respectfully dissent.