Henry LOCKHART *v.* STATE of Arkansas

CR 93-215                                                862 S.W.2d 265

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*McCullough Law Firm*, by: *R.S. McCullough* and *Rita F. Bailey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. On January 21, 1992, Henry Lockhart was eventually stopped and arrested following a pursuit through the City of Camden by police officers. During the pursuit, Lockhart ran his vehicle through a roadblock and was seen throwing a green, leafy substance out the car's window. The car finally came to a halt in someone's yard, and Lockhart took off on foot but was subsequently apprehended by the police. In inventorying the car, the police found a green, leafy substance in its floorboard and seat. An electronic weight scale was also located in the car's back seat. On April 28, 1992, Lockhart was charged with possession of a controlled substance (marijuana) with intent to deliver. The state also sought extended imprisonment of Lockhart under Arkansas's Habitual Offender Law.

On October 6, 1992, the state amended its information to add a second count charging Lockhart with possession of drug paraphernalia (items used in weighing, measuring, and testing

controlled substances). Immediately before the trial started on October 8, 1992, Lockhart moved to dismiss the state's second count because he only learned of that charge two days prior to trial, and he was not prepared to try both counts. The trial court denied Lockhart's motion to dismiss, and instead severed the second count so it could be tried later, since Lockhart did not have sufficient notice. Lockhart stated he was not seeking severance because he might want to dispose of both counts at the same time. He then asked for a continuance, which was denied by the court.

The trial proceeded only on the state's first count against Lockhart. When the state's fifth witness, Officer Gary Vaughn, commenced testifying from a crime lab analysis report that reflected the green, leafy substance found in Lockhart's possession was marijuana, Lockhart objected on the basis that the officer's recitation would be inadmissible hearsay. Lockhart contended that the state furnished the crime lab report to him only six days prior to trial, and that the state's delay effectively denied him the right to confront and cross-examine the analyst who prepared the report.[1] The prosecutor responded that Ark. Code Ann. § 12-12-313 allowed such a report to be introduced "on its own" provided defense counsel failed to give ten days notice to the state to have the chemist who prepared the report present at trial. Lockhart countered saying he could not comply with the ten-day requirement in § 12-12-313 because the state informed him of the report only six days before trial.

After hearing Lockhart's and the prosecutor's arguments, the trial court ruled it would permit the report to be introduced because the court believed Lockhart's counsel knew or should have known that he had the right to have the chemist present if he wanted him. The trial court stated that it believed Lockhart merely wished to delay the case, otherwise, it would grant a one-day continuance and send for the chemist to testify the next day. Finally the trial court faulted the state for failing to bring the report matter up earlier, but concluded it believed Lockhart's

---

[1] Lockhart made several arguments below why the crime lab report should be excluded, but the one argued on appeal concerns Ark. Code Ann. § 12-12-303 (Supp. 1991), which under certain conditions permits reports by the State Crime Laboratory to be introduced without the presence of the chemists preparing the reports.

objection was frivolous, and no real question existed as to whether the substance was marijuana, as was stated in the lab report. Lockhart's counsel denied that his motion was for delay purposes, and he also denied that the substance in issue was marijuana.

The jury convicted Lockhart on the possession with intent charge and sentenced him to twenty years imprisonment. On appeal, he contends the trial court erred (1) in allowing the crime lab report into evidence and (2) in severing the drug paraphernalia count instead of dismissing it or alternatively in failing to grant a continuance so he could prepare and defend himself against both counts in this case.

Lockhart's first argument requires our construction of § 12-12-313 which permits a chemist's crime lab report to be admitted into evidence for the truth of the findings and statements in it if the chemist attested to those findings. *Nard v. State*, 304 Ark. 159, 801 S.W.2d 159 (1990). If such a report fails to meet the prerequisites of the statute, it is considered inadmissible hearsay under Rule 803(8)(iii) of the Uniform Rules of Evidence. *Id.* However, even when the state's report meets the statutory requirements and the state intends to introduce the report as an exception to the hearsay rule, a defendant may, under provision (d)(2) of the statute, still require the chemist's presence for the purpose of cross-examination, if the defendant requests the chemist's presence at least ten days prior to trial.

Our court has never been confronted with the situation where, under § 12-12-313, the state's tardiness had caused a defendant's inability to comply with the statute's ten-day notice requirement. The court of appeals, however, had such a situation in *Hendrix v. State*, 40 Ark. App. 52, 842 S.W.2d 443 (1992). There, the state never intended to introduce a crime lab report until the defendant, Hendrix, testified on the third day of trial. Because Hendrix denied having used or dealt in drugs, the state called Officer Martin to testify that he had found Hendrix in possession of cocaine, and obtained a crime lab report corroborating that the substance Hendrix possessed was cocaine. Hendrix objected to the introduction of the analyst's report, but the state argued Hendrix had failed to make a pretrial demand for the analyst to be present at the proceeding; therefore, he waived his right to cross-examine the analyst. The state relied upon our case

of *Johnson v. State*, 303 Ark. 12, 792 S.W.2d 863 (1990), wherein the court stated that a defendant, who fails to give the ten-day notice to the state under § 12-12-313, waives his or her right to confrontation. The court of appeals, however, correctly distinguished Hendrix's situation from the one in *Johnson*. It stated that the rule in *Johnson* necessarily contemplated that the defendant knew or should have known prior to trial that the state intended to introduce the lab report, and in that event, the defendant must follow the procedure set out in the statute. The court stated Hendrix had no such prior knowledge, and in emphasizing this distinction, recounted as follows:

> The statute [§ 12-12-313], however, contains no procedure for the assertion of these rights when the existence and intended use of such a report first becomes known to the accused *after the trial* has *commenced*. Here, the state admits that it had no intention of using evidence of the stop made by Officer Newton until after appellant had testified. Nor was it disputed that appellant did not know of that intent until the third day of trial. *While the procedural rule requiring pretrial notice of demand for the right of cross-examination of a laboratory employee is generally a reasonable one, there can be no reasonable basis for enforcing such a rule where it is not possible for the accused to comply.*
>
> Nor do we find merit in the state's argument that, because appellant could have asked for a continuance to enable him to obtain the presence of the witness, his failure to do so constituted a waiver of the right to demand that presence. *Because the statute does not contain a reasonable procedure for asserting the right of confrontation when that right arises after the trial has begun, the assertion of that right when it does arise is all that is required of the accused and casts upon the state the burden of either producing the witness for cross-examination or requesting a continuance in order to produce him.* In other words, in the absence of an applicable statute or rule, the burden of producing a prosecution witness for cross-examination does not rest upon the accused, but rather upon the state. (Emphasis added.)

We believe the court of appeals's construction of § 12-12-313, and particularly of provision (d)(2), is sound. However, the factual situation here differs from the one in *Hendrix* and our application of the rationale in *Hendrix* leads us to a different result.

In the present case, unlike in *Hendrix*, Lockhart indisputably knew six days prior to trial that the state intended to use the crime lab report. But, as Lockhart's counsel candidly admits, he merely intended to rely on the ten-day notice rule and, in doing so, consciously chose not to ask the state to have the analyst present at trial. Instead, defense counsel waited until the parties selected a jury and the state had nearly tried its entire case before he objected to the absence of the report's author. We agree with the *Hendrix* court's rationale that the state has the burden of producing the chemist or in obtaining a continuance when the state has caused the defendant to be unable to comply with the statute's ten-day notice prerequisite. Nevertheless, Lockhart was, at the very least, required to inform the state that he desired to have the analyst present at trial so the state would know it had the burden to produce the analyst as a witness.

Here, if the state had been informed of Lockhart's desire to cross-examine the chemist after Lockhart received the report, the state still had six days, clearly ample time, to subpoena the chemist for the October 8th trial or to request a continuance. Lockhart offers no other suggestion of prejudice in this case except the analyst's absence at trial and Lockhart's corresponding loss of his right to cross-examine — a right Lockhart may have been afforded if he had only informed the state of his request. Because he neither asked the state to have the analyst present at trial nor showed such a request would have availed him anything, we hold Lockhart waived his rights under § 12-12-313.

We next turn to Lockhart's argument that the trial court erred by denying his motions to dismiss or alternatively for a continuance regarding the paraphernalia count the state brought against Lockhart only two days before trial. Lockhart first moved the second count should be dismissed which the trial court denied. However, the trial court ruled that it would sever count two because Lockhart was not given sufficient notice thereby acknowledging he was unprepared to try both charges. Lockhart

responded stating he did not want a severance and reiterated he was entitled to dismissal, but if no dismissal, a continuance because "he might want to 'disclose' all of his cases at the same time."

Under A.R.Cr.P. Rule 21.1, two or more offenses may be joined by the state in one information with each offense stated in a separate count, when the offenses (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the conduct or on a series of acts connected together or constituting parts of a single scheme or plan. However, it should be pointed out that joinder is *not required* of a prosecutor, nor is there any assurance that such joinder will always withstand a motion for severance. *See* Commentary to Article VI of the Rules of Criminal Procedure. Here, the record reflects the possession of marijuana with intent to deliver and the paraphernalia offenses are of similar character and they arose from a single scheme or plan. In fact, both the marijuana and the paraphernalia were found in the car Lockhart was driving when he was arrested.

Although the state was permitted under Rule 21.1 to join the two related counts against Lockhart, the trial court, under A.R.Cr.P. Rule 21.1, had the authority to sever those two offenses before trial if a severance could be obtained on motion of the defendant or the prosecution. Lockhart clearly rejected any idea that the offenses should be severed, although he also never requested they be joined. The prosecutor, however, never objected to the trial court's ruling to sever the paraphernalia count, and undoubtedly if the prosecutor had moved to sever the counts, the court would have granted his motion for two reasons. First, under A.R.Cr.P. Rule 22.2(b)(i), a prosecuting attorney is entitled to a severance if, before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. Here, the trial court found Lockhart had not received sufficient notice that the state would file the paraphernalia charge, thereby acknowledging Lockhart's lack of preparedness to defend against that charge. Second, Lockhart never asked the two offenses be joined for trial, and it was otherwise only *permissive*, not mandatory, for the prosecutor to

join the offenses in the first place.[2]

In sum, we hold that, based on the motions and arguments presented the trial court, the trial court was well within its discretion to sever the state's paraphernalia count and to deny Lockhart's motions to dismiss or to continue.

---

[2] We note that Lockhart did say "he might want to 'disclose' all of his cases at the same time," but his requests to the trial court were that it grant dismissal or a continuance, not a joinder.