Johnny Paul DODSON v. STATE of Arkansas

CR 96-700                                                934 S.W.2d 198

Supreme Court of Arkansas
Opinion delivered November 18, 1996

*Etoch Law Firm,* by: *Louis A. Etoch,* for appellant.

*Winston Bryant,* Att'y Gen., by: *O. Milton Fine, II,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Johnny Paul Dodson appeals the judgment of conviction of the Monroe County Circuit Court sentencing him to a term of fifty years in the Arkansas Department of Correction for the offenses of possession of a controlled substance (methamphetamine) with intent to deliver and possession of a controlled substance (marijuana). Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). In support of his appeal, Appellant asserts that the trial court erred as follows: (1) In denying his motion for new trial on the grounds that trial counsel was ineffective; (2) in allowing the prosecution to enter into evidence a copy of the State Crime Laboratory report concerning the drug analysis; and (3) in sentencing Appellant to a term of ten years for simple possession of marijuana. We affirm.

Appellant was arrested during a traffic stop in Brinkley, Arkansas, driving a car that belonged to his girlfriend. Appellant was accompanied by two other passengers: James Martin and Ricky Bennett. During a search of the car and its occupants, officers recovered a 10 mm gun and a bag containing what was believed to be crystal methamphetamine and marijuana. In addition, the officers recovered $6,000.00 cash from Appellant's person.

Appellant was charged by information with three felony offenses, namely possession of methamphetamine with the intent to deliver the substance, Class Y felony; possession of marijuana, Class C felony; and being a felon in possession of a firearm, Class D felony. Appellant was also charged with two traffic violations. Appellant was tried before a jury and was convicted on all counts with the exception of the firearm charge. Judgment was entered by the trial court, sentencing Appellant to a term of imprisonment for fifty years. It is from that judgment appeal is taken.

## I. Ineffective Assistance of Counsel

Appellant argues that his trial counsel was ineffective due to a material conflict of interest involving his representation of all three of the men arrested during the traffic stop and due to his failure to move to sever the offense of felon in possession of a firearm. We do not reach the merits of his arguments on appeal, as the facts surrounding each allegation of ineffectiveness were not fully developed in the trial court.

It is evident from the abstract of the record that subsequent to the trial court's entry of the judgment and commitment order on November 8, 1995, Appellant retained new counsel and filed a motion for new trial on December 7, 1995, alleging that he had been denied effective assistance of counsel. In that motion, Appellant submitted eight grounds upon which his trial counsel was ineffective; Appellant argues only two of those grounds on appeal. The trial court did not conduct a hearing on the motion for new trial, nor did the court actually rule on the motion. Appellant asserts that the motion for new trial was "deemed denied" pursuant to Rule 4(c) of the Arkansas Rules of Appellate Procedure.

We are thus presented with two distinct but related issues: (1) Whether we may properly consider on direct appeal Appellant's claim of trial counsel's ineffectiveness, which amounts to a collateral attack on the judgment pursuant to A.R.Cr.P. Rule 37, and (2) whether it is sufficient for purposes of our review of such a claim that the motion for new trial was "deemed denied" by the trial court.

This court has recognized that, although Rule 37 generally provides the procedure for postconviction relief due to ineffective counsel, the issue may be raised by a defendant on direct appeal provided it is first raised during trial or in a motion for new trial.

*See* A.R.Cr.P. Rule 37; *Johnson v. State,* 325 Ark. 44, 924 S.W.2d 233 (1996); *Missildine v. State,* 314 Ark. 500, 863 S.W.2d 813 (1993); *Tisdale v. State,* 311 Ark. 220, 843 S.W.2d 803 (1992); *Hilliard v. State,* 259 Ark. 81, 531 S.W.2d 463 (1976). Evidence of the allegation must, however, be contained in the record and the trial court must have been given the opportunity to rule on the issue. *Hunter v. State,* 278 Ark. 428, 645 S.W.2d 954 (1983). Additionally, this court has indicated that it will not consider a claim of counsel's ineffectiveness unless the facts surrounding the claim were fully developed either during the trial or during other hearings conducted by the trial court. *Edwards v. State,* 321 Ark. 610, 906 S.W.2d 310 (1995). The rationale behind this rule of law is that an evidentiary hearing and finding as to the competency of an appellant's counsel by the trial court better enables the appellate court on review to examine in detail the sufficiency of the representation. *Reed v. State,* 323 Ark. 28, 912 S.W.2d 929 (1996); *Hilliard,* 259 Ark. 81, 531 S.W.2d 463. The trial court is in a better position to assess the quality of legal representation than we are on appeal. *Id.*

In *Missildine,* 314 Ark. 500, 863 S.W.2d 813, this court observed that the reason we do not ordinarily review on direct appeal a charge of ineffectiveness is because the facts relevant to that issue have not been developed below. This court held that *"when the proof is presented at a hearing on a motion for a new trial,* economy of procedure would require a single appeal of all the issues." *Missildine,* 314 Ark. at 507, 863 S.W.2d at 818 (emphasis added) (citing *Lasiter v. State,* 290 Ark. 96, 717 S.W.2d 198 (1986)). In other words, in the interest of judicial economy, this court will review claims of counsel's ineffectiveness on direct appeal provided that the allegation is raised before the trial court (i.e., in a motion for new trial) and that the facts and circumstances surrounding the claim have been fully developed.

Given the aforementioned specific requirements established by our prior decisions concerning direct appellate review of claims of ineffectiveness, we must now assess whether the "deemed" denial of Appellant's motion for new trial is an appealable order sufficient for our review of his claim. Rule 4(c) of the Rules of Appellate Procedure—Civil provides:

> If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or

denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, *the motion will be deemed denied as of the 30th day.* [Emphasis added.]

This court has previously held that Rule 4(c) applies in criminal cases. *Giacona v. State,* 311 Ark. 664, 846 S.W.2d 185 (1993). However, the decisions in which we have addressed the rule's application in criminal cases have thus far dealt only with the issue of timeliness of appeal. *See, e.g., Bowen v. State,* 322 Ark. 483, 911 S.W.2d 555 (1995); *Giacona,* 311 Ark. 664, 846 S.W.2d 185.

In 1996 we adopted the separate Rules of Appellate Procedure—Criminal, which include a provision that certain posttrial motions may be "deemed denied" pursuant to Rule 4(c) for purposes of filing a timely notice of appeal. *In re: In the Matter of the Adoption of Revised Rules of Appellate Procedure,* 321 Ark. 663, 900 S.W.2d 560 (1995) (per curiam). Specifically, Ark. R. App. P.— Crim. 2(a)(3), which addresses the time and method of taking an appeal, provides that a notice of appeal shall be filed within thirty days from the date a posttrial motion under A.R.Cr.P. Rule 33.3, including a motion for new trial, is "deemed denied" pursuant to Ark. R. App. P.—Civ. 4(c). Since the adoption of that rule, we have yet to address the issue of whether such a "deemed denied" ruling is a sufficient order from which to appeal the denial of a motion for new trial based upon a claim of ineffectiveness.

A plain reading of Rule 2 demonstrates that the purpose of recognizing such "deemed denied" rulings on posttrial motions is to enable an appellant to know when he must file his notice of appeal of the judgment of conviction. We must therefore distinguish a ruling which is "deemed denied" for purposes of filing a timely notice of appeal from an appealable order of a posttrial claim of ineffectiveness. As the Reporter's Notes to Rule 2 indicate, this rule applies in Rule 37 cases only as to appeals from the actual denial of the petition; the "deemed denied" provision of Rule 4(c) does not apply to Rule 37 petitions. Although this case does not involve a Rule 37 petition, it does involve a claim of trial counsel's ineffectiveness. The reasons for the necessity of an actual ruling and fully developed facts are the same in both instances. It matters not what we call it; Appellant's claim on appeal amounts to nothing more than a collateral attack on the judgment based on allegations

of counsel's ineffectiveness.

In the case at hand, we have not been provided with anything other than the bare allegations set out in Appellant's motion for new trial. We have no evidence as to why trial counsel made the particular decisions which are challenged in this appeal. There has been no testimony from either Appellant or his trial counsel indicating whether there were discussions between them as to the way Appellant's defense should or would proceed. Such information is necessary for us to conduct a meaningful review of the allegations. This is especially true in this case as there was discussion on the record below indicating that Appellant was aware that his trial counsel was not fully prepared to go to trial, but that Appellant nonetheless chose to proceed with the trial so that he could be released as soon as possible.

Based upon the above-recited case law, including our decisions interpreting Rule 4(c), and the plain meaning of Rule 2, we conclude that a "deemed denied" ruling on a posttrial motion for new trial is an insufficient order from which to raise on direct appeal a claim of ineffectiveness. Such a deemed ruling necessarily precludes any consideration by the trial court of the relevant facts pertaining to the claim. As the trial court is in the best position to evaluate trial counsel's performance and competency, an order reciting its findings is necessary to enable us to conduct a meaningful review of the claim. Because we have not been presented with any evidence on the allegation or any actual ruling of the trial court, we affirm as to Appellant's first point.

We point out that nothing in this opinion should be construed as prohibiting Appellant from filing a proper petition for postconviction relief pursuant to A.R.Cr.P. Rule 37.

## II. State Crime Laboratory Report

For his second point, Appellant argues that it was error for the trial court to allow the prosecution to introduce into evidence a copy of the forensic chemist's report containing the analysis of the drugs recovered in this case. Appellant's argument is twofold: (1) He was denied his constitutional right to confront and cross-examine the chemist who conducted the analysis, and (2) the report was not properly attested as provided in Ark. Code Ann. § 12-12-313 (Repl. 1995). We find no merit to either of Appellant's arguments.

Section 12-12-313 provides:

    (a) The records and reports of autopsies, evidence analysis, drug analysis, and any investigations made by the State Crime Laboratory under the authority of this subchapter shall be received as competent evidence as to the matters contained therein in the courts of this state subject to the applicable rules of criminal procedure when duly attested to by the executive director or his assistants, associates, or deputies.

    (b) Nothing in this section shall be deemed to abrogate a defendant's right of cross-examination if notice of intention to cross-examination is given prior to the date of hearing or trial pursuant to the applicable rules of criminal procedure.

    (c) The testimony of the appropriate analyst may be compelled by the issuance of a proper subpoena, in which case the records and reports shall be admissible through the analyst who shall be subject to cross-examination by the defendant or his counsel.

    (d)(1) All records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence as to the facts in any court or other proceeding when duly attested to by the employee who performed the analysis.

    (2) The defendant shall give at least ten (10) days notice prior to the proceedings that he requests the presence of the employee of the State Crime Laboratory who performed the analysis for the purposes of cross-examination.

    (3) Nothing in this subsection shall be construed to abrogate the defendant's right to cross-examination.

The purpose of this statute is to remove these reports from exclusion under the hearsay rule and make them admissible when certain requirements designed to establish their trustworthiness have been satisfied. *Nard v. State*, 304 Ark. 159, 801 S.W.2d 634 (1990).

    Appellant's abstract reflects that the charges against Appellant were filed on September 29, 1995, and that the trial was conducted on November 7-8, 1995. Appellant asserts that his trial counsel was not aware of the charges filed against him until the day before the

trial. Appellant further asserts that his trial counsel was not notified of the prosecution's intention to introduce the analysis report until the prosecution moved for its introduction at trial. It is Appellant's contention on appeal that he did not waive his right to cross-examine the chemist, and that he should not have been held to the ten-day-notice requirement in section 12-12-313 because he was not aware that the prosecution would not call the chemist as a witness until that point during the trial when the prosecution offered the analysis report as evidence. Appellant does not assert that he had indicated this desire to cross-examine the chemist at anytime prior to his trial.

Appellant's argument that he did not have time to comply with the ten-day-notice requirement is unpersuasive as we believe he knew or should have known that the prosecution would attempt to use the evidence against him either through the chemist's testimony or through the report itself. We further find the argument unpersuasive as it is clear from the abstract of the record that Appellant was fully aware that his counsel had not had adequate opportunity to compile discovery or to attempt to negotiate a plea bargain. In fact, Appellant's trial counsel made the court aware of his client's desire to get on with the trial as soon as possible during a pretrial hearing. Appellant's trial counsel stated:

> We have no discovery in this case. That is not the fault of the State because the case was just filed. My client insists on going to trial, and believes that the faster he goes to trial, the faster he can be released. He has maintained his innocence and it is his belief and desire to go ahead and have a trial so that he may be acquitted and discharged. Even with the risk of his attorney being ignorant of what the State has in this matter and what their level of proof and preparedness is.

It is clear from counsel's remarks that it was Appellant's conscious desire to proceed to trial even though his attorney may not have been fully prepared to defend him. Appellant cannot now assert that he was not prepared to defend against the admission of the chemist's report without being allowed to cross-examine the chemist when it was Appellant's own decision to rush through with the trial.

This court has previously concluded that it is the state's burden to produce the chemist or to obtain a continuance when the state has caused the defendant to be unable to comply with the

statute's ten-day-notice prerequisite. *Lockhart* v. *State*, 314 Ark. 394, 862 S.W.2d 265 (1993). Nonetheless, the defendant is at least required to inform the state that he desires to have the chemist present at trial so the state would realize that it must fulfill its burden to produce the witness. *Id.* Moreover, an appellant must also demonstrate that he has been prejudiced, beyond the bare assertion of the constitutional right to confront witnesses, by the denial of cross-examination or that such a request would have availed him anything. *Id.*

Appellant relies heavily on the decision in *Hendrix* v. *State*, 40 Ark. App. 52, 842 S.W.2d 443 (1992), in which the court of appeals concluded that "[w]hile the procedural rule requiring pretrial notice of demand for the right of cross-examination of a laboratory employee is generally a reasonable one, there can be no reasonable basis for enforcing such a rule where it is not possible for the accused to comply." *Id.* at 57, 842 S.W.2d at 446. Appellant's reliance on that holding is misplaced, however, as the facts of that case were such that the state attempted to admit a drug-analysis report involving a *previous* arrest of the defendant without any prior notice to the defendant, for the purposes of impeaching his testimony. Such a situation is readily distinguishable from the facts present in this case.

Appellant was charged with two controlled substance offenses and, thus, he knew or should have known that the prosecution would necessarily introduce evidence establishing that the substances were illegal drugs. Had Appellant truly desired to cross-examine the chemist, he should have informed the prosecution of this desire as soon as possible prior to commencement of the trial. As to the specific allegation that his trial attorney was not aware of the prosecution's intention to introduce the report, Appellant has no one but himself to blame for counsel's lack of preparation, as he chose to roll the dice and proceed with the trial knowing that his attorney had not had the opportunity to conduct proper discovery. Furthermore, Appellant has not demonstrated in any way that he has been prejudiced by being denied cross-examination of the chemist. *See Lockhart*, 314 Ark. 394, 862 S.W.2d 265.

For the second prong of this contention, Appellant argues that the chemist's report was not properly attested as provided in section 12-12-313. The attestation contained on the face of the chemist's analysis report reads:

> I do hereby attest and confirm as specified by A.C.A. 12-12-313, that the information listed below is a true and accurate report of the results of analysis performed by me of evidence received in a sealed condition at the Arkansas State Crime Laboratory.

The report displays a laboratory case number 95-13118 and lists the Appellant's name along with James Martin and Ricky Glenn Bennett as suspects. The report is signed by the forensic chemist, Kathy S. Shanks, and is notarized.

■ We rely on this court's previous holding in *Willis* v. *State*, 309 Ark. 328, 829 S.W.2d 417 (1992), in which the appellant likewise challenged the sufficiency of the attestation of a drug analysis report. The report in that case stated:

> I, Keith Kerr, Chemist, do hereby certify and attest that I personally performed the laboratory tests and prepared the laboratory analysis report in Laboratory Case No. 90-02473.

*Id.* at 330, 829 S.W.2d at 419. This court concluded that the attestation contained in the report was sufficient under section 12-12-313, in that it provided certain indicia of truthfulness. This court concluded further that there is no notarization requirement in section 12-12-313. We thus hold that the attestation of the analysis report in this case was sufficient and proper under the requirements of section 12-12-313.

### III. Improper Sentence

■ Appellant argues for his third point that he was sentenced improperly to a term of ten years imprisonment for simple possession of marijuana. The State contends that Appellant was convicted of a Class C felony for marijuana possession and, as such, Appellant's sentence of ten years was not improper nor illegal as it is within the permissible range of years for a Class C felony. We do not, however, reach the merits of Appellant's claim as it was not properly preserved for our review below. Nowhere in Appellant's abstract of the record is it demonstrated that this argument was ever made to the trial court — either before the bench or in his motion for new trial. We have repeatedly held that we will not consider alleged errors that were not brought to the attention of the trial court. *See, e.g., Childress* v. *State*, 322 Ark. 127, 907 S.W.2d 718 (1995); *Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992); *Porter* v.

*State*, 308 Ark. 137, 823 S.W.2d 846 (1992). We thus affirm the trial court's sentence.