Cite as 2021 Ark. App. 496

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-21-187

| | | |
|---|---|---|
| | | **Opinion Delivered** December 8, 2021 |
| CODY LEE WALKER | | |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-17-260] |
| V. | | |
| | | HONORABLE L. WREN AUTREY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

This is a revocation case. On September 5, 2018, appellant Cody Walker pleaded guilty to possession of methamphetamine and was sentenced to four years' imprisonment followed by a six-year suspended imposition of sentence. Walker was released from prison in April 2019. On February 7, 2020, the State filed a petition to revoke the suspended sentence, alleging that Walker had violated the conditions of his suspension by committing burglary, possession of a controlled substance, and resisting arrest in Bowie County, Texas, on December 27, 2019. The petition also alleged that Walker had failed to pay fines and fees. On March 8, 2021, the State filed an amended petition to revoke the suspended sentence, realleging all the above violations and further alleging that Walker violated his conditions by committing possession of methamphetamine with purpose to deliver and possession of drug paraphernalia on December 18, 2020. Finally, on March 23, 2021, the State filed a second amended petition to revoke the suspended sentence, realleging all the

above violations and further alleging that Walker violated his conditions by failing to appear for a scheduled probation proceeding on December 15, 2020.

On March 23, 2021, a hearing was held on the State's second amended petition to revoke. After the hearing, the trial court issued written findings of fact wherein the trial court found that Walker had violated the conditions as alleged in the petition and revoked Walker's suspension. On March 31, 2021, the trial court entered a sentencing order sentencing Walker to six years in prison.

Walker now appeals from his revocation and resulting sentence. He argues on appeal that there was insufficient evidence to revoke his suspension because the State failed to prove any of its allegations. Conflated with this argument is Walker's claim that his right to confront witnesses was violated at the revocation hearing. We affirm.

The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his or her probation as alleged in the State's petition. *Neal v. State*, 2019 Ark. App. 489, 588 S.W.3d 759; Ark. Code Ann. § 16-93-308(d) (Supp. 2021). On appeal from a revocation, we will not reverse the trial court's decision to revoke unless it is clearly erroneous. *Brown v. State*, 2016 Ark. App. 403, 500 S.W.3d 781. Moreover, we defer to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. We have long held that to sustain a revocation, the State need only show that the defendant committed one violation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State's burden of proof in a

revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may thus be sufficient for a revocation. *Id.*

Melvin Scoggins, a parole and probation officer, testified that he supervised Walker after he was released from prison in April 2019. Scoggins stated that an arrest warrant was issued on December 15, 2020, after Walker had failed to appear at a hearing. Scoggins further testified that the conditions of Walker's suspensions required him to pay $445 in fines and fees and that Walker had failed to make any payments toward this financial obligation.

Officer Austin Butts of the Texarkana, Texas, Police Department testified about the burglary, possession of a controlled substance, and resisting arrest allegedly committed by Walker on December 27, 2019. Officer Butts stated that he was called with a report of someone trying to break into a house. When Officer Butts arrived at the scene, he and two other officers observed Walker and another man inside the house. Both men appeared nervous, and Walker told the officers that they had previously done some work at that location and were there to check the sheetrock for black mold. Upon inquiry, Walker stated that he had a key to the house, but he was unable to provide the key. Officer Butts asked Walker if he could search his pockets for the key, and Walker said yes. However, when Officers Butts tried to reach into Walker's front pants pocket, Walker twisted away and resisted the search. Officer Butts took Walker to the ground and handcuffed him for resisting the search as Walker continued to fight with the officers. One of the officers retrieved a baggie of suspected methamphetamine from Walker's pocket. No chemical analysis of the substance was offered at the hearing. Officer Butts testified that another

3

officer contacted the homeowner and was advised by the homeowner that there had been some prior construction at the house, but the homeowner had fired the construction company for which Walker worked, that Walker himself was fired from the construction company, and that there was no ongoing construction. This testimony about the homeowner's statement was admitted over Walker's objection that it violated his right to confront witnesses. Neither the homeowner nor the officer who spoke to her directly was present to testify at the hearing.

Officer Jacob Montoya of the Texarkana, Arkansas, Police Department testified about the possession of methamphetamine with intent to deliver and possession of drug paraphernalia allegedly committed by Walker on December 18, 2020. Officer Montoya stated that he stopped Walker's vehicle for a broken taillight and expired tags. After finding that there was a warrant for Walker's arrest, Officer Montoya handcuffed Walker and placed him in the back seat of his patrol car. Montoya maintained that he had searched the seat for contraband before Walker's arrest and that none was there. According to Officer Montoya, as he was getting Walker out of the patrol car the police station, he noticed Walker kicking something with his feet. Officer Montoya then found, at Walker's feet, a black bag containing several small plastic baggies, a scale commonly used to weigh narcotics, and two bags containing suspected methamphetamine. Officer Montoya sent these items to the crime lab for testing and later received the test results.

The State then sought to introduce the crime-lab report into evidence. The lab report, attested to by forensic chemist Jennifer Shirley, stated that one of the substances was

4

methamphetamine and weighed 18.3 grams.[1]  Walker objected to the lab report, citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and arguing that because the chemist was not present to testify, he was denied the right to confront an adverse witness.  The State noted that it had provided the lab report to Walker's counsel the day before trial and argued that because Walker did not give notice of his intention to cross-examine the chemist before trial, the lab report was self-authenticating and admissible under Ark. Code Ann. § 12-12-313 (Supp. 2021).  Walker argued that Ark. Code Ann. § 12-12-313 is unconstitutional based on the Supreme Court's holding in *Melendez-Diaz*.  The trial court admitted the lab report over Walker's objection.

Walker testified on his own behalf.  Walker stated that he had not paid his fines and fees because he was unaware that he was supposed to have paid them.[2]  Walker acknowledged failing to appear at a December 15, 2020 hearing but maintained that he was never notified he was supposed to be in court on that day.  Walker also denied committing any of the offenses he was alleged to have committed on December 27, 2019, and December 18, 2020.

In this appeal, Walker argues that there was insufficient evidence to sustain any of the violations of his suspension as alleged by the State.  Within his sufficiency argument Walker also claims that his right to confront witnesses was violated at the revocation hearing.

---

[1]The other substance weighed 7.3 grams but was not tested.

[2]Although the conditions of Walker's suspended sentence stated that he was required to pay various fines and fees, a condition that he pay $60 a month toward that obligation was adjacent to a square that was left blank.  Thus, Walker's conditions did not set forth a definite schedule as to when these fines and fees were due.

We have long held that to sustain a revocation, the State need only show that the defendant committed one violation. *Springs*, *supra*. We conclude that the State sustained its burden of proving that Walker violated his conditions by being in possession of 18.3 grams of methamphetamine on December 18, 2020.[3] Therefore, the trial court's decision to revoke Walker's suspension was not clearly erroneous.

In Officer Montoya's testimony, he stated that in compliance with standard police procedure, he checked the back of his patrol car on December 18, 2020, before placing Walker in the car and that no contraband was present. When they arrived at the police station, Officer Montoya saw Walker kicking a black bag on the floorboard. The black bag contained baggies, scales, and quantities of suspected methamphetamine. A forensic chemist for the state crime lab conducted an analysis on one of the substances and prepared a lab report wherein she duly attested that the substance was 18.3 grams of methamphetamine. This evidence was sufficient to prove that Walker violated his conditions by being in possession of a large quantity of methamphetamine.

Walker, however, also maintains that his right to confront witnesses was violated because the forensic chemist was not present at the hearing to testify. However, under the law applicable to the circumstances of this case, we cannot agree.

Generally, a defendant in a revocation hearing is not entitled to the full panoply of rights that attend a criminal prosecution, but he or she is entitled to due process. *Pope v. State*, 2020 Ark. App. 413, 607 S.W.3d 512. As we recognized in *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989), the United States Supreme Court has held that a

---

[3]Walker's conditions required him to obey all state laws.

defendant is entitled to the right to confront and cross-examine adverse witnesses unless good cause is shown for not allowing confrontation. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). This holding is codified at Arkansas Code Annotated section 16-93-307(c)(1) (Repl. 2016), which states that "[t]he defendant has the right to counsel and to confront and cross-examine an adverse witness unless the court specifically finds good cause for not allowing confrontation[.]"

Walker's right to cross-examine the chemist was protected by the provisions of Arkansas Code Annotated section 12-12-313 (Supp. 2021), which provides in pertinent part:

> (a) The records and reports of autopsies, evidence analyses, drug analyses, and any investigations made by the State Crime Laboratory under the authority of this subchapter shall be received as competent evidence as to the matters contained therein in the courts of this state when duly attested to by the Director of the State Crime Laboratory or his or her assistants, associates, or deputies.
>
> (b) *This section does not abrogate a defendant's right of cross-examination if notice of intention to cross-examine is given before the date of a hearing or trial pursuant to the applicable rules of criminal procedure or civil procedure.*
>
> (c) The testimony of the appropriate analyst may be compelled by the issuance of a proper subpoena, in which case the records and reports shall be admissible through the analyst who shall be subject to cross-examination by the defendant or his or her counsel, either in person or via two-way closed-circuit or satellite-transmitted television pursuant to subsection (e) of this section.
>
> (d)(1) All records and reports of an evidence analysis of the laboratory shall be received as competent evidence as to the facts in any court or other proceeding when duly attested to by the analyst who performed the analysis.
>
> (2) *The defendant shall give at least ten (10) days' notice prior to the proceedings that he or she requests the presence of the analyst of the laboratory who performed the analysis for the purpose of cross-examination.*
>
> (3) *Nothing in this subsection shall be construed to abrogate defendant's right to cross-examine.*

(Emphasis added.)

The State's first amended petition to revoke filed on March 8, 2021, apprised Walker of the State's allegation that he had possessed methamphetamine on December 18, 2020.[4] On March 22, 2021, the State received the lab report and promptly provided it to Walker. The revocation hearing was held the next day, on March 23, 2021. Despite Walker's knowledge that he was being accused of possessing methamphetamine and his access to the lab report prior to the hearing, Walker failed to avail himself of Ark. Code Ann. § 12-12-313(b) by failing to notify the State of his intention to cross-examine the chemist.

We acknowledge that when Walker was provided a copy of the lab report prior to the hearing, he at that time was unable to comply with the statute's ten-day notice requirement set forth in Ark. Code Ann. § 12-12-313(d)(2). The supreme court has previously concluded that the State has the burden to produce the chemist or obtain a continuance when the State has caused the defendant to be unable to comply with the statute's ten-day notice prerequisite. *Lockhart v. State*, 314 Ark. 394, 862 S.W.2d 265 (1993). Nevertheless, the defendant is at least required to inform the State that he desires to have the analyst present at trial so the State would realize it has the burden to produce the analyst as a witness. *Id.* Had Walker informed the State of his desire to cross-examine the chemist after he received the report, the State would have been required to either secure the chemist or request a continuance. *See id.* Furthermore, in *Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996), the supreme court stated that a defendant in a prosecution alleging the possession

---

[4]This allegation was repeated in the State's second amended petition to revoke filed on March 23, 2021.

8

of a controlled substance knows or should know that the prosecution would necessarily introduce evidence establishing that the substances are illegal drugs. As expressed in *Dodson*, *supra*, had Walker truly desired to cross-examine the chemist, he should have informed the State of this desire as soon as possible prior to the commencement of trial. Because Walker failed to ask the State to have the chemist present at trial, he waived his rights under § 12-12-313.

Finally, Walker also argues that Ark. Code Ann. § 12-12-313 is unconstitutional. In making this claim Walker relies on *Melendez-Diaz*, 557 U.S. 305. However, that case expressly undercuts Walker's argument.

In *Melendez-Diaz*, the Supreme Court held that the defendant's right to confront witnesses was violated when a lab report was introduced without the chemist being available to testify. However, significantly, in that case the Massachusetts statute had no provision similar to ours permitting the defendant to assert his right to confrontation after receiving notice of the State's intent to use a forensic analyst's report prior to trial. The Supreme Court in *Melendez-Diaz* expressly held that notice-requirement statutes such as Ark. Code Ann. § 12-12-313 are permissible. *Jones v. State*, 2013 Ark. App. 466. The Supreme Court wrote:

> The defendant *always* has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the *time* within which he must do so. States are free to adopt procedural rules governing objections. It is common to require a defendant to exercise his rights under the Compulsory Process Clause in advance of trial, announcing his intent to present certain witnesses. There is no conceivable reason why he cannot similarly be compelled to exercise his Confrontation Clause rights before trial. Today's decision will not disrupt criminal prosecutions in the many large States whose practice is already in accord with the Confrontation Clause.

9

*Melendez-Diaz*, 557 U.S. at 327 (citations omitted) (emphasis in the original). Accordingly, we reject Walker's challenge to the constitutionality of the Arkansas statute.

For the reasons herein, Walker's revocation and resulting six–year prison sentence is affirmed.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.