Ivan Floyd PIPKIN *v.* STATE of Arkansas

CR 94-515                                            905 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered September 11, 1995

*Al Schay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On September 27, 1991, appellant Ivan Pipkin was charged with possession of marijuana with intent to deliver. Sometime in 1992, Pipkin's attorney entered into plea negotiations. The deputy prosecuting attorney wanted a felony plea, which would include a fine and three-year probationary period, but if that was not legally permissible, the prosecutor stated that he would reduce the charge to a misdemeanor and would agree to imposition of a fine and a one-year suspended sentence.

On June 29, 1992, Pipkin filed a motion for declaratory judgment, asking the trial court to rule that the law, Ark. Code Ann. § 5-4-104 (Supp. 1991), did not prohibit Pipkin from being placed on probation for the felony marijuana offense with which he was charged. The trial court subsequently ruled it could not authorize probation if Pipkin pled to the felony charge. Meanwhile, a new prosecutor took office, and he subsequently refused to accept any of the prior negotiations that had taken place between Pipkin and the previous prosecutor. It is undisputed that no written agreement had been signed or filed by Pipkin and the prior prosecutor or his deputy. Nonetheless, on August 16, 1993, Pipkin filed a motion for specific performance of his purported oral

plea agreement with the predecessor prosecutor. Relying on *Caldwell* v. *State*, 295 Ark. 149, 747 S.W.2d 99 (1988), the trial court denied Pipkin's motion. On August 18, 1993, Pipkin, by jury trial, was found guilty of possession with intent to deliver a controlled substance and was sentenced to four years imprisonment and a $5,000.00 fine.

In this appeal, Pipkin's sole point for reversal is that his trial counsel failed to take prompt or timely advantage of Pipkin's earlier plea agreement with the predecessor-prosecuting attorney. In failing to do so, Pipkin, citing *Strickland* v. *Washington*, 466 U.S. 668 (1984), claims his trial counsel was ineffective and had failed to function as the "counsel" guaranteed by the Sixth Amendment. This issue, however, was never raised below. It is well settled that ineffective assistance of counsel may not be raised on direct appeal unless the issue has been considered by the trial court, *e.g.*, on a motion for new trial. *Sumlin* v. *State*, 319 Ark. 312, 891 S.W.2d 375 (1995). Because Pipkin failed to preserve the ineffective assistance of counsel issue below, we are obliged to affirm.