Larry Otis KANIG *v.* STATE of Arkansas

CR 95-8                                      905 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*Jeffrey A. Weber*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, Larry Kanig, was convicted of possession of a firearm by a felon in violation of Ark. Code Ann. § 5-73-103 (Repl. 1993). He was sentenced as a habitual offender to fifteen years' imprisonment and fined $2500.00. Kanig did not file a motion for new trial below; rather, he appealed his case to the Arkansas Court of Appeals, which in turn certified the case to this court. Kanig's sole point on appeal is that he received ineffective assistance of counsel at trial.

■ A claim of ineffective assistance of counsel may not be raised as a point of direct appeal unless the issue has been considered by the trial court, as on a motion for new trial. *Sumlin* v. *State*, 319 Ark. 312, 891 S.W.2d 375 (1995). The rationale behind this rule is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips this court on review to examine in detail the sufficiency of the representation. *Knappenberger* v. *State*, 278 Ark. 382, 647 S.W.2d 417 (1983); *Hilliard* v. *State*, 259 Ark. 81., 531 S.W.2d

643 (1976). While Kanig urges us to overrule our decision in *Sumlin* v. *State, supra,* we decline the invitation to do so.

Affirmed.