Benny REED *v.* STATE of Arkansas

CR 95-392                                             912 S.W.2d 929

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Vickery, Landers, & Lightfoot, P.L.L.C.*, by: *John D. Lightfoot*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Benny Reed, appeals a judgment of the Union County Circuit Court convicting him of possession of cocaine with intent to deliver and possession of drug paraphernalia and sentencing him to the Arkansas Department of Correction for forty years and ten years respectively. We granted his motion for rule on the clerk. *Reed v. State*, 320 Ark. 515, 899 S.W.2d 53 (1995) (per curiam). Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(2).

■ Appellant raises four points for reversal, all of which are claims that he received ineffective assistance of counsel at his jury trial. It is well established that claims of ineffective assistance of counsel may not be raised on direct appeal unless the issue was considered by the trial court, as on a motion for new trial. *E.g., Pipkin* v. *State*, 321 Ark. 511, 905 S.W.2d 827 (1995) (citing *Sumlin* v. *State*, 319 Ark. 312, 891 S.W.2d 375 (1995)). The rationale behind this rule of law is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips the appellate court on review to examine in detail the sufficiency of the representation. *Kanig* v. *State*, 321 Ark. 515, 905 S.W.2d 847 (1995).

■ Appellant did not file a motion for new trial, nor did he raise the issue of his counsel's ineffectiveness during trial. *See Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). Because appellant failed to preserve below the issue of ineffective assistance of counsel, we affirm.