Michael S. CHAVIS *v.* STATE of Arkansas

CR 96-768                                942 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Sanford & Stiritz,* by: *Jon R. Sanford,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Michael S. Chavis appeals the judgment of the Pulaski County Circuit Court convicting him of rape in violation of Ark. Code Ann. § 5-14-103 (Supp. 1995) and sentencing him to thirty years' imprisonment in the Arkansas Department of Correction. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1). Appellant raises three points for reversal, two of which comprise essentially the same argument. We find no error and affirm.

Appellant was convicted of rape by a jury on January 23, 1996, and was sentenced to thirty years' imprisonment pursuant to

the judgment and commitment order filed January 25, 1996. On February 20, 1996, Appellant's trial counsel filed a notice of appeal. Three days later, however, Appellant's newly retained counsel filed a motion for new trial alleging that Appellant's trial counsel had been ineffective in his representation of Appellant, in that, among other allegations not pertinent to this appeal, trial counsel had failed to move for a mistrial on the ground that one of the jurors had fallen asleep during trial. The trial court never ruled on the motion for new trial, and as such, the motion was "deemed denied" as of the 30th day after it was filed pursuant to Ark. R. App. P.—Civ. Rule 4(c), applicable to criminal appeals through Ark. R. App. P.—Crim. Rule 2(a)(3). It is from that deemed denial that Appellant appeals.

Appellant now contends that his trial counsel was ineffective in failing to bring to the trial court's attention, either through objection or motion for mistrial, that one of the jurors slept through a portion of the trial. Additionally, Appellant argues that he was denied a fair trial as guaranteed by the Arkansas and United States Constitutions due to that juror's inattentiveness. There is no evidence, however, that Appellant ever raised the issue of his being denied a fair trial separately and apart from his allegation of trial counsel's ineffectiveness. Accordingly, we address the argument as one solely based upon the constitutional right to the effective assistance of counsel.

Whereas A.R.Cr.P. Rule 37 generally provides the procedure for postconviction relief due to ineffective counsel, we will address this issue on direct appeal, provided it was first raised during trial or in a motion for new trial. *Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996). We will not, however, consider such a claim unless the surrounding facts and circumstances were fully developed either during the trial or during other hearings conducted by the trial court. *Id.*

Here, the trial court did not conduct a hearing on the motion for new trial, did not make any factual findings as to counsel's ineffectiveness, nor did it make a ruling on the motion. As this court noted in *Dodson*, the "deemed denied" provision of Rule 4(c) does not apply to appeals from Rule 37 petitions.

Although this appeal is from the denial of a posttrial motion for new trial, rather than from the denial of a Rule 37 petition, the "deemed denied" provision of Rule 4(c) is similarly inapplicable to this case. *Id.* The reasons for the necessity of an actual ruling and fully developed facts are the same in both instances, as this court explained in *Dodson*:

> Such a deemed ruling necessarily precludes any consideration by the trial court of the relevant facts pertaining to the claim. As the trial court is in the best position to evaluate trial counsel's performance and competency, an order reciting its findings is necessary to enable us to conduct a meaningful review of the claim.

*Id.* at 644, 934 S.W.2d at 202.

In the case at hand, Appellant has failed to present us with a sufficient order from which to consider his allegation of trial counsel's ineffectiveness. Thus, based upon our holding in *Dodson*, we affirm as to this point.

For his final point for reversal, Appellant argues that the trial court erred in excluding Terri Chavis, mother of the child victim, from the courtroom in violation of A.R.E. Rule 616. Rule 616 provides in pertinent part:

> [I]n the event that the victim of a crime is a minor child under eighteen (18) years of age, that minor victim's parents, guardian, custodian or other person with custody of the alleged minor victim shall have the right to be present during any hearing, deposition, or trial of the offense.

We find no merit to this argument due to the fact that Appellant lacks standing to assert the rights of the victim's mother, and furthermore, even if he had standing, he has failed to demonstrate how the witness's exclusion from the courtroom prejudiced him in any way. *Williams v. State*, 320 Ark. 67, 894 S.W.2d 923 (1995).

Affirmed.