WAYMOND M. BROWN, Judge
The Benton County Circuit Court terminated the parental rights of appellant Donald Adams to his three children, J.A. (DOB 01-31-01), D.A. (DOB 06-17-08), and H.A. (DOB 11-19-10). Adams appeals, arguing that the trial court (1) violated Rule 6(c) of the Arkansas Rules of Civil Procedure when it granted DHS's motion, that was filed only six days prior to the hearing, and without giving appellant his full time to respond; and (2) committed reversible error when excluding appellant from the courtroom during the testimony of his accuser where the adjudication and termination orders were based in large part upon the accuser's credibility. We affirm.
Appellant does not challenge the sufficiency of the termination. Therefore, only a brief recitation of the facts is necessary. The Arkansas Department of Human Services (DHS) removed the children from appellant's home on January 29, 2018, as a result of allegations that appellant sexually and physically abused at least one of his children. DHS filed a petition for emergency custody and dependency-neglect on February 1, 2018. The court entered an ex parte order for emergency custody on February 2, 2018. On March 15, 2018, DHS and the attorney ad litem filed a joint petition for the termination of appellant's parental rights. DHS filed a motion to exclude appellant from the courtroom during the testimony of J.A. on July 11, 2018. In the motion, DHS noted that the adjudication and termination hearings were scheduled for July 17, 2018. At the beginning of the hearings, DHS informed the court of its pending motion to have appellant excluded from the courtroom during *18 J.A.'s testimony. DHS suggested that appellant be allowed to watch the testimony from a different room. At that time, the following colloquy took place:
FATHER'S ATTORNEY : And, Your Honor, for the record, we would oppose that. We would ask that he be allowed to stay in the courtroom. I have reviewed the Department's motion. I would point out to the Court that I've only had eight calendar days, and not the 10 business days authorized by the rules to respond; but I'll do my best.
Your Honor, counsel has pointed to Smith v. State , and Bertrand v. State in terms of arguing that my client is not entitled to his Sixth Amendment right to confrontation in a civil D/N matter.
I submit, Your Honor, that those cases don't articulate that it is only in criminal. They point actually to the Constitution of Arkansas and the United States to say that a person in a criminal context has the right to confront and cross-examine.
Now, Arkansas and the Court's -- particularly in Linker-Flores [v. Ark. Dep't of Human Servs. ], that's 359 Ark. 131 [194 S.W.3d 739 (2004) ] have taken criminal standards of other things such as representation of counsel, and applied them in the criminal context. That's Linker-Flores v. DHS . And have applied them in the civil D/N context, Your Honor.
So there's nothing that prohibits the Court from applying the Sixth Amendment right to confront and cross-examine to my client.
And, moreover, Your Honor, in Maryland v. Craig where they set up, the Federal Supreme Court set up the standards for confrontation and cross examination in the criminal context, they indicated that the Court can impair that, if the Court makes specific case-based findings, and the testimony can otherwise be assured to be credible.
As I understood it, they're credible, Your Honor. I submit that the Department has offered no testimony to support that, and has offered no argument with regard to the Court as to why in this particular case it's necessary, particularly given Ms. J.A.'s age. I believe she is in her late teens. She is nigh-on an adult, Your Honor.
AD LITEM : Your Honor, I would just point out that I think it's disingenuous too say that he just got this 10 days ago. I had emailed him informally on June 22, asking him if he would be agreeable to having his client watch. He said he would get back. And then I know that DHS also emailed him again on July 6.
The formal motion was sent after it was determined that he would want a formal motion. But he's known about this request -
FATHER'S ATTORNEY : And, Your Honor, the Rules of Civil Procedure don't talk about informal emails. They talk about formal motions.
....
THE COURT : ... Anyways, in regards to the confrontation clause, Arkansas law is clear that confrontation clause does not apply in civil cases -- and specifically in DHS cases, it does not apply.
However, I do agree that if I'm going to set up an alternative setting, where he'll have the right to hear and observe in a different room, I have to make certain factors that justify that. So how old is your client, Ms. Mullins?
AD LITEM : She's 17, Your Honor.
THE COURT : And why is it necessary to have the defendant leave the room for the testimony of this?
AD LITEM : I'll let the Department address that, they filed the motion.
*19 DHS'S ATTORNEY : Judge, first of all, I would like to say I know there's a statute that allows for excluding the defendant from the courtroom in criminal cases, or putting the juvenile in -- during the hearing in camera and having her testify. I don't believe there's a similar statute with regards to civil cases.
I would also just briefly respond that there have been constitutional protections granted to persons in DHS cases, and those have been codified in Arkansas statutes. The right to confrontation has not been.
I don't think there's a statute that requires us to make certain findings, however in this case, first of all these are sexual allegations made by the witness against the defendant.
There have been efforts on his part to make contact with her in the courtroom before, even though there's a no-contact order in place.
These things that have happened are upsetting, they're hard to talk about. And I think that she would have a much better time being able to do that without him sitting looking at her in the courtroom.
FATHER'S ATTORNEY : May I respond, Your Honor?
THE COURT : Yes.
FATHER'S ATTORNEY : Yes, Your Honor. Your Honor, she's 17. She is almost an adult. Is it harder to testify about people in front of them? Yes, it is. That's the very purpose.
THE COURT : Well, let's go to the statute. Do you agree that there's a specific statute in the criminal statute, that even allows them to set up arrangements to adhere to the confrontation clause, to still let it be done in camera?
FATHER'S ATTORNEY : I'm not actually familiar with the criminal statutes in that regard. I am familiar with Maryland v. Craig , where it sets up the two-part standard.
THE COURT : Well, I'm going to note the reasoning, I don't find that that in camera statute applies in the civil case.
However, I do find there's good cause based on the nature of the allegations, the allegations for dependency neglect are that the juvenile was sexually abused by the father in this case. And I'm going to set up to where he can have sight and sound through a camera.
Make sure the video is set up in the room so he can watch the testimony then.
DHS'S ATTORNEY : And, Judge, we would certainly have no objection, you know, after her testimony, if Mr. Depper wants to go back and speak with him about questions to ask her, we would have no objection to that.
THE COURT : Mr. Depper will have that right, and also the father will have the right to send notes. I'll have a bailiff and deputy set up, if a question arises during the testimony, to allow Mr. Depper plenty of opportunity to represent his client.
FATHER'S ATTORNEY : Thank you, Your Honor.
The court found that the children were dependent-neglected due to being at substantial risk of serious harm as a result of physical abuse, sexual abuse, neglect and parental unfitness to the juveniles caused by appellant. The order was filed on August 10, 2018. The court also granted DHS and the attorney ad litem's joint petition for termination of appellant's parental rights. The termination order was filed on August 13, 2018. Appellant filed a timely notice of appeal on August 16, 2018. This appeal followed.
*20 In cases where the issue is one of termination of parental rights, there is a heavy burden placed upon the party seeking to terminate the relationship.[1] Termination of parental rights is an extreme remedy in derogation of the natural rights of the parents.[2] Nevertheless, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child.[3] On appellate review, this court gives a high degree of deference to the trial court, which is in a far superior position to observe the parties before it.[4] Further, pursuant to Arkansas Code Annotated section 9-27-341(b)(3),[5] an order terminating parental rights must be based upon clear and convincing evidence.[6] Clear and convincing evidence is that degree of proof that will produce in the factfinder a firm conviction as to the allegation sought to be established.[7] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[8] In resolving the clearly erroneous question, we give due regard to the opportunity of the trial court to judge the credibility of witnesses.[9]
As his first point on appeal, appellant contends that the trial court violated Rule 6(c) of the Arkansas Rules of Civil Procedure when it granted DHS's motion, that was filed only six days prior to the hearing, and without giving appellant his full time to respond. This argument is not preserved for our review. At the beginning of the hearings, appellant objected to DHS's request that he be excluded from the courtroom during J.A.'s testimony; however, he did not specifically object to the timeliness of the motion. Additionally, appellant has been unable to show prejudice, as he responded to the motion at the time of the hearings and did not seek a continuance.
Appellant also contends that the court committed reversible error by excluding him from the courtroom during J.A.'s testimony where the adjudication and termination orders were based in large part upon J.A.'s credibility. More specifically, he claims that he was denied his Sixth Amendment right to confront his accuser. Our supreme court dealt with this same issue in Taffner v. Arkansas Department of Human Services .[10] In Taffner , the mother argued that she was denied her right to confront the witnesses because the court allowed witnesses to testify as to the hearsay statements of two of her children regarding allegations of sexual abuse. The court declined to expand the Sixth Amendment guarantee in termination-of-parental-rights cases, finding that the right applies to criminal prosecutions. The same rationale holds true in this case. Appellant attempts to distinguish his case from Taffner by arguing that his case deals with face-to-face confrontation with *21 his accuser, not ancillary testimony as was the issue in Taffner ; and that he is appealing both the adjudication and termination hearings where Taffner was simply an appeal from a termination hearing. We are not convinced that these cases are distinguishable. Additionally, appellant has failed to cite us to any authority to support his argument that a criminal defendant's Sixth Amendment confrontation rights apply in this situation. Assignments of error that are unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken.[11]
Affirmed.
Gruber, C.J., and Hixson, J., agree.

Trout v. Ark. Dep't of Human Servs. , 359 Ark. 283, 197 S.W.3d 486 (2004).

Id.

Crawford v. Ark. Dep't of Human Servs. , 330 Ark. 152, 951 S.W.2d 310 (1997).

Dinkins v. Ark. Dep't of Human Servs. , 344 Ark. 207, 40 S.W.3d 286 (2001).

(Supp. 2017).

Larscheid v. Ark. Dep't of Human Servs. , 343 Ark. 580, 36 S.W.3d 308 (2001).

Baker v. Ark. Dep't of Human Servs. , 340 Ark. 42, 8 S.W.3d 499 (2000).

Dinkins, supra.

Camarillo-Cox v. Ark. Dep't of Human Servs. , 360 Ark. 340, 201 S.W.3d 391 (2005).

2016 Ark. 231, 493 S.W.3d 319.

See Sparrow v. Ark. Dep't of Human Servs. , 101 Ark. App. 193, 272 S.W.3d 846 (2008).